UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 8:25-cv-00972-KESDate: August 19, 2025

Title: MARQUISE BAILEY v. ANTONIO D. CAMPOS

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**     **Order Requiring Plaintiff to Show Cause as to Why Defendant was Properly Served and Why the Case Should Not be Dismissed for Lack of Standing**

On May 8, 2025, Plaintiff Marquise Bailey ("Plaintiff") filed a complaint against Defendant Antonio D. Campos ("Defendant") alleging violations of the Americans with Disabilities Act ("ADA") and other laws. (Dkt. 1.) Plaintiff alleges that Defendant is the operator, lessor, lessee, and/or owner of a barber shop located at 6142 Atlantic Blvd. in Maywood, California. (Id. ¶ 2.) Plaintiff alleges that this business had parking for disabled customers that did not meet legal requirements for signage. (Id. ¶ 13)

On July 1, 2025, Plaintiff filed a proof of service form ("POS"). (Dkt. 8.) The POS indicates that a person named Shannon Mason served the Summons and Complaint on Defendant at 1511 West Elm Avenue, Anaheim, CA 92802 by (1) leaving them with an adult, Hispanic woman present and then (2) mailing them to the same address. (Id. at 1.) The woman did not provide her name. (Id. at 3.)

Plaintiff is ordered to show cause why this constitutes legally valid service on Defendant and, if it does not, why the Complaint should not be dismissed for failure to timely serve Defendant. Questions that should be answered include (1) What connection does Defendant have with the Anaheim address? (2) Did the Hispanic woman with whom Ms. Mason left the papers speak English? (3) Is her relationship to Defendant (if any) known? Plaintiff should also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00972-KES	Date: August 19, 2025
	Page 2

address the following case suggesting that leaving a summons and complaint with unknown persons does not accomplish service:  See GS Holistic, LLC v. HR LLC, No. 23-cv-0401, 2023 WL 11920616, at *1 (W.D. Wash. Nov. 30, 2023) (holding that leaving documents with an individual at the defendant's residence who refused to accept the summons and complaint or identify himself did not constitute proper service under Federal Rule of Civil Procedure 4(e)(2)(B)).

      Plaintiff is also ordered to show cause why this case should not be dismissed for lack of standing and, consequently, lack of jurisdiction.  Plaintiff does not allege where he lives or frequently travels, how close that is to the Maywood barber shop, whether he has ever patronized the Maywood barber shop, how often he goes to barber shops, or why he wishes to get a haircut or other services at the Maywood barber shop.  He does not allege that he drove to the business, was unable to find parking close to the business, had difficulty exiting his vehicle while using a wheelchair due to the configuration of the parking spots, or how he was otherwise deterred from visiting the business.  The facts alleged appear insufficient to show that Plaintiff personally encountered any barrier to access or that he has standing to seek injunctive relief based on future visits.

      Plaintiff shall respond to this OSC by **September 23, 2025**.

Initials of Deputy Clerk jd